Frank E. Marchetti (SBN 203185)
**MARCHETTI LAW**
650 Sierra Madre Villa Ave., Suite 102
Pasadena, CA 91107
Telephone: (626) 219-7991
Facsimile: (626) 628-3208
Cell:      (626) 676-6377
Email: frank@marchettilaw.com

Attorney for creditor Mohammad Amin Ariaasil

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>URIK GAGARIN GHAZALIAN<br><br>  Debtor.<br><br>MOHAMMAD AMIN ARIAASIL,<br><br>  Plaintiff,<br><br>  vs.<br><br>URIK GAGARIN GHAZALIAN<br><br>  Defendant | CASE NO.:  2:16-bk-20699 (NB)<br><br>Chapter 13<br><br>Adv. No.<br><br>**COMPLAINT TO DETERMINE DEBTS TO BE NON-DISCHARGEABLE PURSUANT TO SECTION 1328(A)(4) OF THE BANKRUPTCY CODE**; **DEMAND FOR TRIAL BY JURY** |

Plaintiff/Creditor MOHAMMAD AMIN ARIAASIL by and through his attorneys herein, respectfully submits the following Complaint to Determine Debt to be Non-Dischargeable pursuant to Section 1328(a)(4) of the Bankruptcy Code. As grounds in support, PLAINTIFF avers and states as follows:

**I.**

**PARTIES, JURISDICTION AND VENUE**

1.  Defendant URIK GAGARIN GHAZALIAN (hereinafter referred to as "GHAZALIAN" or "DEFENDANT")  is an individual who may be served with

    process by First Class United States Mail, postage prepaid, mailed to the attention of GHAZALIAN at his residence at 2121 Scott Road, #101, Burbank, CA 91504, pursuant to Rule 7004(b)(1) of the Federal Rules of Bankruptcy Procedure.

2.   MOHAMMAD AMIN ARIAASIL (hereinafter "ARIAASIL") is an individual residing in the County of Los Angeles, State of California.

3.   The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4.   This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

5.   Venue in this district is proper pursuant to 28 U.S.C. §§1408 and 1409.

6.   This Court has personal jurisdiction over the Defendants pursuant to Rule 7004 of the Federal Rules of Bankruptcy Procedure.

## II.

## PROCEDURAL BACKGROUND

7.   ARIAASIL was employed by GHAZALIAN's company CENTRAL INVESTIGATIONS, INC. from approximately May of 2014 through approximately March 31, 2016. GHAZALIAN was ARIAASIL's manager and an owner of CENTRAL INVESTIGATIONS, INC. GHAZALIAN did not respect the corporate formality of CENTRAL INVESTIGATIONS, INC. and treated the company as an alter ego.

8.   On June 15, 2016, ARIAASIL filed a lawsuit against GHAZALIAN and CENTRAL INVESTIGATIONS, INC. for violations of California's Labor Code, discrimination and harassment based on ARIAASIL's religion and national origin, and wrongful termination. (Los Angeles Superior Court, Case No. EC065428). The lawsuit was filed against both GHAZALIAN and CENTRAL INVESTIGATIONS, INC., with liability of GHAZALIAN based both on his personal involvement in the harassment of ARIAASIL as well as due to his being the alter-ego of CENTRAL INVESTIGATIONS, INC.

9.   On or around August 11, 2016, GHAZALIAN filed a voluntary petition for relief

1 under Chapter 13 of Title 11 of the United States Code in this Court.

10. The Court set December 15, 2016 as the bar date for claims. The Court set November 15, 2016 as the deadline to file complaints to challenge the dischargeability of certain debts.

### III.

### **GENERAL ALLEGATIONS**

11. GHAZALIAN, acting through CENTRAL INVESTIGATIONS, INC., owned and operated a security guard company which provided security services for clients located in the "Jewelry District" of downtown Los Angeles.

12. ARIAASIL worked for GHAZALIAN d.b.a. CENTRAL INVESTIGATIONS, INC. (hereinafter collectively referred to as "DEFENDANTS") from approximately May of 2014 through approximately March 31, 2016, at which time DEFENDANTS terminated ARIAASIL's employment.

13. ARIAASIL is a devout Muslim, with loving devotion to God and reads the Quran every day.  He is of Persian descent and immigrated to the United States from Iran.  He has long been a lawful permanent resident of the United States.  DEFENDANTS harassed ARIAASIL on account of his religion and national origin.

14. When he took his meal period, ARIAASIL often attempted used this time to pray.  However, when he attempted to do so, he was harassed by DEFENDANTS and told that he was not allowed to pray during his break time.

15. ARIAASIL complained to DEFENDANTS that he was being harassed and discriminated against on account of his religion and national origin.  Following ARIAASIL's complaints, and in response to them, DEFENDANTS terminated ARIAASIL's employment on March 31, 2016.

16. On May 19, 2016, ARIAASIL received a Right to Sue from the Department of Fair Employment and Housing for his complaint against DEFENDANTS.

///

///

## IV.

## **CLAIM FOR RELIEF**

## (Pursuant to 11 U.S.C. § 1328(a)(4))

17. ARIAASIL hereby incorporates all of the foregoing allegations as if fully set forth hereat.

18. ARIAASIL was at all relevant times mentioned herein an employee within the meaning of California Government Code sections 12940 et seq., protected against discrimination in employment on the basis of his religion and national origin. ARIAASIL was subjected to discrimination on the job on account of his religion and national origin.

19. At all relevant times mentioned herein, DEFENDANTS were employers within the meaning of Government Code section 12926, subdivision (d), and as such were prohibited from discrimination in employment decisions on the basis of religion and national origin as provided in Government Code section 12940 et seq. Defendants were further required to provide an environment free of discrimination in employment as provided in Government Code section 12940, subdivision (h)(1) and (i).

20. ARIAASIL was discriminated against by Defendants, and each of them, on the basis of his religion and national origin in violation of Government Code section 12940, by Defendants engaging in a course of conduct which included subjecting ARIAASIL to disparate treatment in employment and terms and conditions of employment, and resulting in the creation of a hostile work environment and unlawful termination of his employment.

21. The wrongful conduct of each of the Defendants, constituting unlawful employment practices, deprived ARIAASIL of secure working conditions free from harassment. The effect of the practices complained of herein above deprived ARIAASIL of equal employment opportunities and otherwise adversely affects his status as an employee.

22. Defendants directly harassed ARIAASIL and failed to take all reasonable steps to

prevent Defendants' employees and/or agents from harassing ARIAASIL on account of his religion and national origin.

23. GHAZALIAN acted intentionally and willfully to cause ARIAASIL to suffer emotional distress as well as losses in earnings, loss of earning capacity, and other employment benefits along with other incidental and consequential damages and losses, all in an amount to be proven at trial.

24. As the proximate result of DEFENDANT's intentional and willful conduct, ARIAASIL has suffered and will continue to sustain lost compensation, lost future earnings, severe emotional distress, humiliation and mental anguish, stress, shame, despair, embarrassment, depression, and mental pain and anguish resulting in general and special damages, all in the amount to be determined at trial.

25. In doing the things alleged herein, GHAZALIAN acted with oppression, fraud and malice.

26. Pursuant to 11 U.S.C. § 1328(a)(4), GHAZALIAN's conduct as herein alleged is not dischargeable herein.

27. ARIAASIL is entitled to a determination that the resulting monetary damages awardable to ARIAASIL in this action is non-dischargeable pursuant to 11 U.S.C. § 1328(a)(4).

///
///
///
///

## VI.

## RELIEF REQUESTED

**WHEREFORE**, ARIAASIL prays for judgment against as follows:

    a.    Entry of a judgment for damages according to proof at trial, statutory penalties, punitive damages, pre-judgment and post-judgment interest at the maximum legal rate, reasonable attorneys fees and costs, with a determination that the amount of such judgment is non-discharegable pursuant to 11 U.S.C. §1328(a)(4)

    b.    For such other and further relief as this Court may deem proper.

DATED: November 15, 2016    MARCHETTI LAW

By: /s/ *Frank E. Marchetti*
    Frank E. Marchetti
Attorney for plaintiff/creditor MOHAMMAD AMIN ARIAASIL

### DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a trial by jury.

DATED: November 15, 2016    MARCHETTI LAW

By: /s/ *Frank E. Marchetti*
    Frank E. Marchetti
Attorney for plaintiff/creditor MOHAMMAD AMIN ARIAASIL